### 43103. ENLOE v. BAKER.

BELL, Presiding Judge. Charles L. Shields, as buyer, Cora N. Enloe, as seller, and David H. Baker, as the seller's agent, entered into a contract for the sale of certain land. The buyer paid to the agent $7,500 as earnest money, to be applied as part payment of the purchase price. The seller thereafter refused to perform the contract, and the buyer brought suit against her seeking specific performance. The seller having failed to answer, the court entered default judgment for the buyer, ordering that he pay into court $7,500 (the amount of the earnest money) subject to the agent's claim for commission. On the same day the agent, who was not a formal party to the suit, voluntarily paid into court the earnest money previously paid to him, subject to his claim for commission, and the court entered an order allowing him to withdraw from the account $3,225 as his commission. Before the decree was fully performed, the seller, by next friend, filed suit against the buyer and the agent seeking to set aside the decree, contending that she was incompetent when

the contract to sell was executed. Thereafter the buyer and seller settled both suits, agreeing on a higher sale price and different terms of payment for the land. With the consent of the parties the court ordered that the suit for specific performance be dismissed; it also ordered that the remainder of the fund deposited in court be paid to the buyer. Contemporaneously the buyer requested the return of the $3,225 withdrawn by the agent, and the agent subsequently refunded this money. The agent, Baker, then brought this suit against the seller, Enloe, to recover his commission. Defendant took this appeal from the trial court's order granting summary judgment for plaintiff and denying defendant's motion for summary judgment. *Held:*

Assuming, but not deciding, that plaintiff was to be charged as a party to the record in the suit for specific performance and that his right to the commission was one of the issues involved in that case, nevertheless the dismissal of that suit carried the whole case out of court and rendered nugatory the orders and judgment previously entered therein. Thus there is no merit in the contention that plaintiff was estopped or barred by the order allowing him to receive his commission in the suit for specific performance. The evidence submitted on hearing of the motions for summary judgment conclusively showed that the contract was never performed because of defendant's refusal to convey according to its terms. In refunding the amount of the commission to the buyer, plaintiff was merely fulfilling his obligation under that stipulation of the contract providing, "If sale is not consummated because of seller's inability, failure, or refusal to convey marketable title, seller shall pay full commission to broker, and broker shall return earnest money to the purchaser." Defendant is clearly liable for the amount of the commission by virtue of the same provision.

*Judgment affirmed. Whitman, J., concurs. Pannell, J., concurs speciallly.*

ARGUED OCTOBER 4, 1967—DECIDED MARCH 8, 1968—
REHEARING DENIED MARCH 19, 1968—CERT. ■■■■■■■ .

*Gilbert & Carter, E. G. Shaffer,* for appellant.
*Hansell, Post, Brandon & Dorsey, John H. Boone,* for appellee.

PANNELL, Judge, concurring specially. I concur in the judgment of affirmance on the sole grounds, last stated in the opinion, that the plaintiff broker, in refunding the commissions paid by order of court, was merely complying with the provisions of the contract, and was neither estopped nor barred for any reason from claiming his commissions against the defendant.